March 26, 2025

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
15 New Sudbury Street
John F. Kennedy Federal Building, Government
Center, Room E-190B
Boston, MA 02203

SANDY NATALIE JOHNSON
11 CREIGHTON ST APT 309
JAMAICA PLAIN, MA 02130



**U.S. Citizenship and Immigration Services**



EAC2206150239



A216-227-492

RE: I-485, Application to Register Permanent Residence or Adjust Status

## NOTICE OF DECISION

Dear SANDY JOHNSON:

On November 23, 2021, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA), based on being the principal beneficiary of a family-based immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application.

To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8 Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

On May 25, 2022, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct. At the interview, you provided testimony under oath. Your case was administratively closed on May 25, 2022, because your case was in the jurisdiction of the Immigration Judge. On May 31, 2024, you submitted evidence that the Immigration Judge dismissed Proceedings and granted your motion to dismiss without prejudice filed on May 7, 2024, to allow for adjustment of status under section 245 of the Immigration and Nationality Act before the U.S. Citizenship and Immigration Services based on the approved Form

I-360 self petition. This means that the jurisdiction of your Form I-485 is now with USCIS, and the USCIS finds the following:

You initially submitted the following evidence in support of your application:

- Form I-693, Report of Medical Examination and Vaccination Record, completed by a Civil Surgeon on May 19, 2022.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are inadmissible for the following reason(s):

You submitted Form I-693, Record of Medical Examination and Vaccination Record. The Civil Surgeon completing your medical examination reported on Form I-693 that you are a drug abuser or addict. Drug abuse or drug addiction is a heath related inadmissibility ground. An applicant for adjustment of status under INA 245(a) must establish that he or she is not subject to the INA 212(a)(1) health-related inadmissibility grounds.

Therefore, you are inadmissible to the United States. There is no waiver for this inadmissibility ground. Thus, you are not qualified to adjust status. See INA 212(a)(1) and 245(a)(2).

You have not established that you are eligible for adjustment under section 245 of the Immigration and Naturalization Act (INA). Therefore, we must deny your Form I-485.

The applicant can apply for an immigration benefit again if his or her drug abuse or addiction is in remission, as determined by a civil surgeon or panel physician.

The evidence of record shows that, when you filed your application, you were lawfully present in the United States. Your period of authorized stay has expired. You are not authorized to remain in the United States. If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in Title 8 Code of Federal Regulations (8 CFR), section 103.5(a). You must file Form I-290B within 30 days of the date of this decision if the decision was served in person, or within 33 days if the decision was served by mailed. See Title 8 Code of Federal Regulations (8 CFR), sections 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization

document has been reached. See Title 8 Code of Federal Regulations (8 CFR), section 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See Title 8 Code of Federal Regulations (8 CFR), section 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See Title 8 Code of Federal Regulations (8 CFR), section 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See Title 8 Code of Federal Regulations (8 CFR), section 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Jerry S. Ammons
Field Office Director