UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SANDY JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 25-cv-10997-ADB |
| U.S. DEPARTMENT OF HOMELAND SECURITY and JERRY S. AMMONS, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

For the reasons set forth below, Plaintiff's motion [Dkt. No. 2] for leave to proceed *in forma pauperis* is CONDITIONALLY ALLOWED. The Clerk shall issue summons so that Plaintiff's claim may proceed under the Administrative Procedures Act. Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 242, 18 U.S.C. § 372, and the Federal Tort Claims Act are DISMISSED. The Court will only consider a request for injunctive relief upon Plaintiff's filing of a motion for preliminary injunction.

**I.   BACKGROUND**

On April 16, 2025, Sandy Johnson ("Johnson" or "Plaintiff") filed a *pro se* complaint against the U.S. Department of Homeland Security ("DHS") and Jerry S. Ammons ("Ammons"), the Boston Field Office Director for the Department of Homeland Security United States Citizenship and Immigration Services. [Dkt. No. 1]. Johnson, a citizen of St. Lucia now residing in Massachusetts, seeks to challenge Ammons' March 26, 2025 Notice of Decision denying her Application to Register Permanent Residence or Adjust Status (Form I-495). Id.

Among other things, the decision states that if she fails to depart the United States within 33 days of the date of the letter, that is April 28, 2025, she may be placed in removal proceedings. [Dkt. No. 1-4 at 2]. The Notice of Decision also states that Plaintiff is now deemed inadmissible based on a health-related inadmissibility ground, namely that she is a "drug abuser or addict." Id. It appears that the finding of her being inadmissible is based on a medical report (Form I-693) indicating that she had smoked marijuana because of "medical problems." [Dkt. No. 1-2 at 10]. The Notice of Decision states that the "applicant can apply for an immigration benefit again if his or her drug abuse or addiction is in remission, as determined by a civil surgeon or panel physician." [Dkt. No. 1-4 at 2].

The March 26, 2025 Notice of Decision states that Plaintiff "may not appeal this decision [but if she believes the denial is in error, she] may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. [Dkt. No. 1-4 at 2]. The Notice of Decision states that the Form I-290B must be filed within 30 days if the decision was served in person or within 33 days if the decision was served by mail. Id.

In her form complaint, Plaintiff invokes the Court's diversity jurisdiction by checking the box for "diversity of citizenship" jurisdiction. [Dkt. No. 1 at ¶ II]. However, on the category sheet accompanying the complaint, she identifies several federal laws at issue in this case including 18 U.S.C. § 242, 18 U.S.C. § 372, 42 U.S.C. § 1983, and the Federal Tort Claims Act, which suggests that she may also be invoking federal question jurisdiction. Id. at 7. For the statement of claim, Plaintiff alleges, in part, that defendant Ammons "violated" her rights by "making false accusations against [Plaintiff] being a drug abuser." [Dkt. No. 1 at ¶ III]. Plaintiff states that she is a VAWA victim, a reference to the Violence Against Women Act, and that the

2

Defendants seek to have Plaintiff "deported after [she has] been sev[er]ally abuse[d] by [her] autistic son['s] father and [that she] need[s] surgery on [her] lower back." Id.

For relief, Plaintiff requests her green card, an award of monetary damages "for the fear and emotional abuse and mental abuse," and to have this Court review the "evidence" of Defendants' "negligence." [Dkt. No. 1 at ¶ IV]. Plaintiff seeks to have this "Court ask immigration for [Plaintiff's] green card as it was already given to [Plaintiff]." Id.

With the complaint, Johnson filed an Application to Proceed in District Court Without Prepaying Fees or Costs (also known as a motion for leave to proceed *in forma pauperis*). [Dkt. No. 2].

## II. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Litigants seeking to proceed *in forma pauperis* must submit an affidavit that includes a statement of all of plaintiff's assets. See 28 U.S.C. § 1915(a)(1). Although Plaintiff answered the majority of questions on the Application, she failed to (1) completely answer Question 3, (2) answer Question 4, and (3) indicate whether she is employed. [Dkt. No. 2]. Given the time constraints, the Court CONDITIONALLY ALLOWS Plaintiff's motion [Dkt. No. 2] for leave to proceed *in forma pauperis*. She shall file a completed Application within 21 days of the date of this Memorandum and Order.

## III. PRELIMINARY SCREENING

When a plaintiff is permitted to proceed *in forma pauperis*, the Court reviews the complaint to determine if it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court

accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the Plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "'plausible on its face." Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted)).

In addition, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case."). Congress has given the federal courts jurisdiction over cases where the cause of action arises under federal law or the court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). For diversity jurisdiction, the parties must have "complete diversity of citizenship as between all plaintiffs and all defendants." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008).

When a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

IV. **DISCUSSION**

The Court construes Plaintiff's challenge to the finding that she is inadmissible as a claim for judicial review pursuant to the Administrative Procedures Act ("APA") to determine whether the decision at issue was arbitrary, capricious, an abuse of discretion and/or not in accordance with law. In relevant part, the APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Further, the APA

4

requires the reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706.

However, the APA does not apply when "statutes preclude judicial review" or when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2). At this early stage of litigation, and with an undeveloped factual record, it is unclear whether this action is barred by either of these APA exceptions to judicial review. Thus, the Court will direct the clerk to issue summons for service of the complaint on the Defendants.

To the extent Plaintiff seeks to assert claims against the Defendants pursuant to 42 U.S.C. § 1983, any constitutional claims are subject to dismissal because Section 1983 does not apply to the federal government. Therefore, Plaintiff's constitutional claims against Defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Similarly, Plaintiff cannot bring claims based upon the alleged violation of criminal statutes, here 18 U.S.C. § 242 (deprivation of rights under color of law) and 18 U.S.C. § 372 (conspiracy to impede or injure officer). A private citizen "'has no authority to initiate a federal criminal prosecution,' nor to seek other relief based on alleged violations of federal criminal statutes." Diaz v. Perez, No. 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)). The federal criminal statutes referred to in the complaint do not confer a private right of action. Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"); see also e.g., Cok v. Cosentino, 876 F.2d at 2 (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241–242). Therefore, the complaint fails to state a claim under the federal criminal statutes.

As to any claim under the Federal Tort Claims Act ("FTCA"), this Court is without subject matter jurisdiction because Plaintiff has not exhausted her administrative remedies with the United States. "The FTCA provides a 'limited waiver of the federal government's sovereign immunity with respect to private causes of action sounding in tort.'" Torres-Estrada v. Cases, 88 F.4th 14, 21 (1st Cir. 2023) (quoting Fothergill v. United States, 566 F.3d 248, 252 (1st Cir. 2009)); see 28 U.S.C. §§ 1346(b)(1), 2674. Before bringing suit against the United States, the FTCA requires that a plaintiff first present the claim to the appropriate federal administrative agency and receive a final denial. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Green v. U.S. Postal Service, 285 F. Supp. 3d 416, 419 (D. Mass. 2018). Even if Johnson did timely present a claim, she has not alleged that the United Staes responded to the claim, and it is unlikely, if not impossible, that it already did.

## V.     INJUNCTIVE RELIEF

To the extent Plaintiff seeks injunctive relief, she has not addressed the legal requirements for a preliminary injunction or temporary restraining order. A party seeking a temporary restraining order must provide notice to Defendants or certification in writing of any effort made to provide at least informal notice or detail the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. See Fed. R. Civ. P. 65(b). Additionally, such a request must be supported with a separate memorandum of reasons. See Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.").

The Court will only consider a request for injunctive relief upon Plaintiff's filing of a motion for preliminary injunction.

## VI. CONCLUSION

Accordingly:

1.   The motion for leave to proceed *in forma pauperis*, [Dkt. No. 2], is CONDITIONALLY ALLOWED.  Plaintiff shall file a completed Application to Proceed in District Court Without Prepaying Fees or Costs within 21 days of the date of this Memorandum and Order.

2.   After preliminary screening, the Court ALLOWS Plaintiff's claim to proceed under the Administrative Procedures Act and DISMISSES, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the claims under 42 U.S.C. § 1983, 18 U.S.C. § 242, 18 U.S.C. § 372, and the Federal Tort Claims Act.

3.   The Clerk shall issue a summons for each Defendant.

4.   The Clerk shall serve the summons, complaint, and this Memorandum and Order on each Defendant by registered or certified mail.  The Clerk shall also serve a copy of each summons, the complaint, and this Memorandum and Order on the United States Attorney General by registered or certified mail.  See Fed. R. Civ. P. 4(i)(A)–(C).

5.   The Clerk shall serve a copy of each summons, the complaint, and this Memorandum and Order on the United States Attorney for the District of Massachusetts by hand-delivery.  See Fed. R. Civ. P. 4(i)(A)(ii).

6. The Court will only consider a request for injunctive relief upon Plaintiff's filing of a motion for preliminary injunction.  Plaintiff is reminded that the March 26, 2025 Notice of

Decision states that if she believes the denial is in error, she may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion.  [Dkt. No. 1-4 at 2].

    **SO ORDERED.**

April 21, 2025                        /s/ Allison D. Burroughs
                                             ALLISON D. BURROUGHS
                                             U.S. DISTRICT JUDGE