## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SANDY JOHNSON,

               Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,
JERRY S. AMMONS, Field Office Director
of USCIS,

            Defendants.

Civil Action No. 1:25-CV-10997-ADB

## MEMORANDUM OF LAW IN SUPPORT OF
## THE DEFENDANTS' MOTION TO DISMISS

     The Defendants in this action, a federal agency and a federal official sued in their official capacities; by their attorney Leah B. Foley, United States Attorney for the District of Massachusetts; respectfully move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) as this Court lacks jurisdiction to review, let alone "overturn" USCIS's denial of Plaintiff's adjustment of status application.

     As indicated by the plain language of 8 U.S.C. § 1252(a)(2)(B)(i), the Supreme Court's expansive interpretation of this jurisdiction stripping provision, and decisions from circuit and district courts across the country, this Court lacks subject matter jurisdiction to review USCIS' denial of Plaintiffs' adjustment of status applications. On May 16, 2022, the Supreme Court decided *Patel v. Garland,* 596 U.S. 328, 328, 142 S. Ct. 1614, 1615, 212 L. Ed. 2d 685 (2022) holding that 8 U.S.C. § 1252(a)(2)(B)(i) deprives federal courts of subject matter jurisdiction over all judgments related to the denial of applications to adjustment status. As three sessions of this Court have held post-*Patel*, and as numerous other courts across the country have also

1

concluded, this Court lacks subject matter jurisdiction to review USCIS' denial of Plaintiffs' adjustment of status applications.    Thus, the Court must dismiss Plaintiffs' Complaint.

## **BACKGROUND**

On November 23, 2021, Plaintiff, a resident of Massachusetts and a citizen of St. Lucia, filed a Form I-485 Application to Register Permanent Residence or Adjust Status with USCIS, under Section 245 of the Immigration and Nationality Act ("INA"), based on being the principal beneficiary of a family-based immigrant petition.  (ECF Doc. 1 & Doc. 1-4, page 1).

On March 26, 2025, Jerry S. Ammons, Field Office Director of the USCIS, issued a Notice of Decision denying the I-485 Application.  ((ECF Doc. 1-4).  Plaintiff was found to be inadmissible to the United States for health-related grounds.  (ECF Doc. 1-4, page 2). Specifically, the Civil Surgeon completing her medical examination reported on the Form I-693, Record of Medical Examination and Vaccination Record, that Plaintiff was a drug abuser or addict.  (ECF Doc. 1-4, page 2).

The Notice of Decision noted that the Plaintiff's period of authorized stay had expired, and she was not authorized to remain in the United States.  (ECF Doc. 1-4, page 2).  It further advised that: "If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court.  This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit."  (ECF Doc. 1-4, page 2).

The March 26, 2025, Notice of Decision also stated that Plaintiff "may not appeal this decision," but that if she believed the denial was in error, she could file a motion to reopen or a motion to reconsider using Form I-290B.  (ECF Doc. 1-4, page 2).  Further, the Notice of

Decision advised that the Form I-290B must be filed within 30 days if the decision was served in person or within 33 days if the decision was served by mail.  (ECF Doc. 1-4, page 2).[1]

On April 16, 2025, Plaintiff, proceeding pro se, filed a complaint against the U.S. Department of Homeland Security ("DHS") and Jerry S. Ammons ("Ammons") who is the Boston Field Office Director for DHS's United States Citizenship and Immigration Services ("USCIS"); seeking to challenge the March 26, 2025, Notice of Decision.  (ECF Doc. 1).  Along with her complaint, Plaintiff filed a motion for leave to proceed *in formal pauperis*.  (ECF Doc. 2).

On April 21, 2025, the Court issued a Memorandum and Order conditionally allowing Plaintiff's motion for leave to proceed in forma pauperis.  (ECF Doc. 5).  The Court dismissed Plaintiff's claims that were brought under 42 U.S.C. § 1983, 18 U.S.C. § 242, 18 U.S.C. § 372 and the Federal Torts Claims Act.  (ECF Doc. 5, page 1).   However, the Court allowed Plaintiff's claim to proceed under the Administrative Procedures Act.  Id.   The Court also noted that it would only consider a request for injunctive relief if the Plaintiff filed a motion for preliminary injunction.  (ECF Doc. 5, page 7).

On May 6, 2025, the Department of Homeland Security issued a Notice to Appear to Plaintiff, ordering that Plaintiff appear before an Immigration Judge in Boston, MA, on July 24, 2025 at 9:00 a.m.  (Exhibit A, page 1).

## **STANDARD OF REVIEW**

A Fed. R. Civ. P. 12(b)(1) motion to dismiss challenges "whether the federal district court has subject matter jurisdiction over the action before it."  *United States v. Lahey Clinic Hospital,*

---

[1] ICE has no record of Plaintiff filing a Form I-290B.

*Inc.*, 399 F.3d 1, 8 n. 6 (1st Cir. 2005) (citation omitted).  In considering a Rule 12(b)(1) motion, the court is to "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).  "It is the plaintiff's burden to prove the existence of subject matter jurisdiction."  *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted).  Further, the party invoking the court's jurisdiction must clearly indicate the grounds upon which jurisdiction may be exercised.  *See PCS 2000 LP v. Romulus Telecomms., Inc.*, 148 F.3d 32, 35 (1st Cir. 1998).  Ultimately, the court is required to dismiss any complaint where subject matter jurisdiction is lacking.  *United Seniors Ass'n v. Philip Morris USA*, 500 F.3d 1923 (1st Cir. 2007) (citation omitted).

The APA does not "afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."  *Califano v. Sanders*, 430 U.S. 99, 107 (1977).  The APA does not apply where another statute "preclude[s] judicial review."  5 U.S.C. § 701(a)(1).  Additionally, the APA provides for judicial review of a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  In enacting the APA, "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  As the Supreme Court has explained, exhaustion of administrative remedies serves important interests such as allowing an agency to develop a factual record, to apply its expertise to a problem, to exercise its discretion, and to correct its own mistakes.  *See McKart v. United States*, 395 U.S. 185, 193 (1969).

4

## ARGUMENT

Plaintiff's Complaint must be dismissed as this Court lacks jurisdiction to review USCIS' denial of her adjustment of status application.  Additionally, even if this Court was not barred from review by 8 U.S.C. § 1252(a)(2)(B)(i), Plaintiff is not challenging a final agency action because USCIS has issued a Notice to Appear in Immigration Court where the Plaintiff can renew her adjustment of status applications.  As such, APA review would not be permissible even if the Court had jurisdiction to consider Plaintiff's Complaint.

### A.    Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) is Appropriate Because 8 U.S.C. § 1252(a)(2)(B)(i) Strips the Court of Subject Matter Jurisdiction .

This Court lacks jurisdiction to consider Plaintiff's challenge to USCIS's denial of her adjustment of status application pursuant to the jurisdiction stripping provision of 8 U.S.C. § 1252(a)(2)(B)(i).  Such conclusion is derived from the statute's plain language, the *Patel* Court's expansive interpretation of such provision, and decisions from courts across the country, including three within this district, concluding that district court review of adjustment of status challenges is barred.

### 1.    The Plain Language of U.S.C. § 1252(a)(2)(B)(i) Bars this Court from Reviewing USCIS' Denial of Plaintiffs' Adjustment of Status Applications.

Federal courts generally lack jurisdiction to review discretionary decisions made by the Attorney General or the Secretary of Homeland Security.  Title 8 U.S.C. § 1252(a)(2)(B) is entitled "Denials of discretionary relief."  It directs that "[n]otwithstanding any other provision of law (statutory or nonstatutory), … and except as provided in subparagraph (D), and regardless of whether the judgement, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review any judgement regarding the granting of relief under section … 1255 of this*

*title*."  8 U.S.C. § 1252(a)(2)(B)(i) (emphasis added).

Section 1255 provides the statutory source for adjustment of status and provides that the "status of an alien … may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence …." 8 U.S.C. § 1255(a).  As such, by the jurisdiction stripping statute's plain language, this Court lacks jurisdiction over this Complaint as there is no dispute that Plaintiff brought this action to challenge USCIS' denial of her adjustment of status applications that were filed pursuant to Section 1255(a).

**2.     The Supreme Court's *Patel* Decision Supports the Government's Position.**

This Court's lack of jurisdiction to review an adjustment of status denial is even more evident after the Supreme Court's *Patel* holding, which construed Section 1252(a)(2)(B)(i)'s jurisdiction stripping bar broadly.  In *Patel*, a noncitizen filed a petition for review to seek judicial review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of an adjustment application.  The Supreme Court held that Section 1252(a)(2)(B)(i) stripped federal courts of jurisdiction to review facts found as part of the adjudication of an adjustment application pursuant to Section 1255.  Specifically, the Court explained that Section 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of decisions.  Rather, it prohibits review of *any* judgement *regarding* the granting of relief under § 1255 and other enumerated provisions." *Id.* at 1622 (emphasis in original).  As such, Section 1252(a)(2)(B)(i)'s jurisdiction stripping effect was not restricted to "just discretionary judgements or the last-in-time judgement." *Id.*

While the *Patel* court noted that the "reviewability of [USCIS] decisions is not before us, and we do not decide it," it nonetheless observed that "it is possible that Congress did, in fact, intend to close th[e] door" to judicial review of USCIS decisions. *Id.* at 1626.  The Court reasoned that Congress had amended the relevant statutory provisions to "extend[] the jurisdictional bar to

judgements made outside of removal proceedings [while] at the same time that they preserved review of legal and constitutional questions made within removal proceedings" and that "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." *Id.* at 1626-27.

Applying *Patel,* the district courts of Massachusetts have found that under 8 U.S. C. § 1252(a)(2)(B)(i), the courts lacked jurisdiction to review USCIS's denial of plaintiff's Section 1255 application for adjustment of status.  See *Moncada v. Mayorkas*, 2023 WL 6174422, *9 (D. Mass 2023); *Rabinovych v. Mayorkas*, 624 F.Supp.3d 19 (D. Mass. 2022).

In *Rabinovych v. Mayorkas,* 624 F. Supp. 3d 19, 23-24 (D. Mass. 2022), *appeal dismissed*, No. 22-1731, 2023 WL 2770984 (1st Cir. Jan. 13, 2023), District Judge Kelley concluded that *Patel's* "reasoning" as to the jurisdiction stripping provision was "instructive" and therefore granted the government's motion to dismiss for lack of subject-matter jurisdiction. In allowing the government's motion, the Court also noted that "the great weigh of lower court precedent support this Court's conclusion that it is without jurisdiction to hear [p]laintiff's claim." *Id.* at 25.  More recently, Judge Kelley also determined the Court lacked jurisdiction to consider USCIS' denial of an adjustment of status application in *Moncada v. Mayorkas*, No. CV 20-11561-MPK, 2023 WL 6174422, at *1 (D. Mass. Aug. 11, 2023).  The Court explained that the government's position "is consistent with the plain text of 8 U.S.C. § 1252(a)(2)(B)(i) and clearly supported by the weight of recent, persuasive authority."  *Id; see also Okoli v. Tucker*, 1:22-cv-10316-NMG, ECF 52 (D. Mass. Feb. 10, 2023) ("Because adjustment [of] status is covered by § 1255, this Court does not have jurisdiction to review USCIS's decision to deny [plaintiff's] Adjustment [of] Status Application.").

Multiple circuit courts have similarly concluded post-*Patel* that judicial review of USCIS' denials of adjustment of status applications is barred by the jurisdiction stripping statute. *See e.g. Xia v. Bondi*, No. 24-23-4, 2025 WL 1427540, *5 (2d Cir. May 19 2025); *Herrera v. Garland*, No. 21-17052, 2022 WL 17101156, at *1 (9th Cir. Nov. 22, 2022); *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1032 (7th Cir. 2023); *Abuzeid v. Mayorkas*, 64 F.4th 578, 583-586 (D.C. Cir. 2023); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856, at *2 (11th Cir. Mar. 20, 2023) (per curium); *Hernandez v. Jaddou*, 65 F.4th 265, 266 n.1 (5th Cir. 2023).

Multiple district courts have also held that they lacked subject matter jurisdiction to consider adjustment of status decisions. *See e.g. Badra v. Jaddou,* No. 22-22465-CIV, 2022 WL 4376331, at *1–2 (S.D. Fla. Sept. 22, 2022); *Doe v. Mayorkas*, No. 22-cv-00752 (ECT/DTS), 2022 WL 4450272, at *3 (D. Minn. Sept. 23, 2022); *Atanasovska v. Barr*, 640 F. Supp. 3d 816, 818 (W.D. Tenn. 2022); *Morina v. Mayorkas*, No. 22-CV-02994 (LJL), 2023 WL 22617, at *8 (S.D.N.Y. Jan. 3, 2023); *Fallous v. Jadou*, No. 22-cv-00304 (EP), 2023 WL 3736326, at *3-4 (D. N.J. May 31, 2023); *Garcia v. Reyhaud*, No. 3:22-cv-00276-IM, 2023 WL 3073501, at *3-4 (D. Or. April 25, 2023); *Khakshouri v. Garland*, No. CV 22-8508 PA (MRWx), 2023 WL 3432245, *3-4 (C.D. Cal. Mar. 23, 2023); *Navas v. Mayorkas*, No. 8:22-cv-617-VMC-TGW, 2023 WL 2477614, at *3-8 (M.D. Fla. Mar. 13, 2023); *Zarrabian v. U.S. Citizenship & Immigr. Servs.*, No. 21-cv-1962-LAB-MDD, 2023 WL 2375248, at *2-3 (S.D. Cal. Mar. 6, 2023); *Chaudhari v. Mayorkas*, No. 2:22-cv-00047-RJS-CMR, 2023 WL 1822000, *5-8 (D. Utah Feb. 8, 2023); *Azatullah v. Mayorkas*, No. 1:20-CV-01069-MKV, 2023 WL 5935028, at *8 (S.D.N.Y. Sept. 12, 2023)

Section 1252(a)(2)(B)(i) strips this Court of subject matter jurisdiction to review Plaintiff's Complaint and Plaintiff fails to present any persuasive argument to the contrary. *See Moncada*,

2023 WL 6174422, at *11 ("Plaintiff cites no recent binding or persuasive authority to support her position, and her arguments have been convincingly refuted by other courts.").  Pursuant to the statute's plain language and *Patel's* reasoning, this Court lacks subject matter jurisdiction over Plaintiff's Complaint which plainly seeks district court review of USCIS' denial of her adjustment of status applications.  Plaintiff, however, will be able to seek judicial review of her application denial, but just not with this Court.  The aforementioned subparagraph (D), which Congress added to the INA through the REAL ID Act of 2005, is titled "Judicial review of certain legal claims" and clarifies that despite the INA's bar on judicial review of agency judgements under Section 1255, "[n]othing in subparagraph (B) … shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  8 U.S.C. § 1252(a)(2)(D).  Plaintiff can renew her adjustment application in Immigration Court as she has been served with a Notice to Appear in the Boston Immigration Court.  *See* 8 U.S.C. § 1229(a); 8 C.F.R. § 1239.1; 8 C.F.R. § 245.1(a); 8 C.F.R. § 245.2(a)(1); 8 C.F.R. § 1245.2(a)(1)(i).  If the IJ does not grant her adjustment application, Plaintiffs can appeal to the BIA.  *See* 8 C.F.R. § 1003.1(b).  And if the BIA affirms the IJ's denial of the adjustment applications, Plaintiffs can then seek judicial review of "constitutional claims or questions of law" before the First Circuit with a petition for review.  8 U.S.C. § 1252(a)(2)(D).

### B.  Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) is Appropriate Because the Administrative Procedures Act does not Provide Subject Matter Jurisdiction.

The relief sought by Plaintiff's Complaint also should not be granted because the APA does not provide this Court with subject matter jurisdiction over Plaintiff's claim.

### 1.  The APA does not Provide Independent Jurisdiction for Judicial Review.

First, the APA by itself cannot bestow jurisdiction on this Court.  The APA does not "afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."

*Califano v. Sanders*, 430 U.S. 99, 107 (1977).  The APA does not apply where another statute "preclude[s] judicial review."  5 U.S.C. § 701(a)(1).  As explained above, 8 U.S.C. § 1252(a)(2)(B)(i) strips this Court of jurisdiction to consider Plaintiff's claim as her Complaint arises from a challenge to USCIS' denial decision.  As such, Plaintiff has failed to establish a basis for this Court's jurisdiction to consider her APA challenge.

**2.  The APA Only Allows Review of Final Agency Action for which there is no Other Adequate Remedy.**

Because Plaintiff can renew her adjustment application in Immigration Court before an immigration judge now that USCIS has issued her with a Notice to Appear, USCIS' adjustment denials are not a final agency action for which there is no other adequate remedy.  As such, this Court lacks jurisdiction for an additional basis to consider Plaintiffs' Complaint.

The APA provides for judicial review of a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  In enacting the APA, "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  As the Supreme Court has explained, exhaustion of administrative remedies serves important interests such as allowing an agency to develop a factual record, to apply its expertise to a problem, to exercise its discretion, and to correct its own mistakes.  *See McKart v. United States*, 395 U.S. 185, 193 (1969).  As such, if the plaintiff has an "adequate remedy" available through the administrative process, no judicial relief under the APA is warranted.

The First Circuit has not addressed the specific context of whether a USCIS denial of an adjustment application constitutes a final agency action for which there is no other adequate remedy to seek relief.  However, circuit courts and district courts have "found that when plaintiffs may obtain review of denials of adjustment of status applications through other agency

avenues, such as removal proceedings, this [finality] requirement is not met." *Meza v. Cuccinelli*, 438 F. Supp. 3d 25, 31 (D.D.C. 2020), *aff'd sub nom. Meza v. Renaud*, 9 F.4th 930 (D.C. Cir. 2021) (collecting cases).

Additionally, courts within this District have repeatedly determined that a USCIS denial of an adjustment application is not a final agency action when an individual can renew the application before an IJ in removal proceedings.  Judicial review is inappropriate in this situation "[b]ecause she may challenge the denial of her application through [removal] proceedings … she has not yet exhausted her administrative remedies and the Final Decision is no longer a final order capable of judicial review." *Pataud v. United States Citizenship & Immigr. Servs.*, 501 F. Supp. 3d 22, 27 (D. Mass. 2020); *Gao v. Napolitano*, No. CIV. A. 08-11898-GAO, 2009 WL 961243, at *2 (D. Mass. Apr. 8, 2009) (same); *A.Z. v. Nielson*, No. CV 18-10511-PBS, 2018 WL 5269990, at *4 (D. Mass. Oct. 23, 2018) (finding no final action and no judicial review under the APA when plaintiff could challenge a USCIS determination in immigration court).

Rather than this Court being the only arbiter of USCIS' denial of their adjustment applications, as one court explained, a noncitizen seeking adjustment of status "has a right to four reviews, two of which are *de novo*—one in the course of the initial application, the other in the course of [removal proceedings]—and two of which are appellate reviews of the second *de novo* proceeding." *Chan v. Reno*, 916 F. Supp. 1289, 1299 (S.D.N.Y. 1996).  Notably, none of these reviews are conducted by the district court.

Now in removal proceedings, Plaintiff can seek adjustment of status.  Specifically, an IJ "has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." *See* 8 C.F.R. § 1245.2(a)(1).  If the IJ grants Plaintiff's adjustment application, Plaintiff obtains lawful permanent resident status.  If the IJ denies such application, Plaintiff has the

absolute right to appeal that decision to the Board of Immigration Appeals ("BIA").  *See* 8 C.F.R. § 1003.1(b).  And, if Plaintiff is dissatisfied with the decision from the BIA, Plaintiff could seek judicial review from a circuit court.  *See* 8 U.S.C. § 1252(a)(5).  During this entire process before the immigration judge and BIA, Plaintiff can remain in the United States and remain eligible for employment authorization.  *See* 8 C.F.R. § 208.7(a) (noncitizen remains eligible for work authorization while in removal proceedings).

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to meet her burden to demonstrate that this Court has jurisdiction to entertain their claims.  As such, Plaintiff's Complaint, alleging APA claims, must be dismissed.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated:  June 17, 2025                    By: */s/  Shawna Yen*
                                                      SHAWNA YEN
                                                      Assistant U.S. Attorney
                                                      United States Attorney's Office
                                                      1 Courthouse Way, Suite 9200
                                                      Boston, MA  02210
                                                      617-748-3100
                                                      Shawna.Yen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the NEF and paper copies to those not registered.

Dated: June 17, 2025                    By: */s/  Shawna Yen*
                                                      SHAWNA YEN
                                                      Assistant U.S. Attorney