UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SANDY JOHNSON, | * |  |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| v. | * |  |
|  | * | Civil Action No. 25-cv-10997-ADB |
|  | * |  |
| U.S. DEPARTMENT OF HOMELAND | * |  |
| SECURITY, and JERRY S. AMMONS | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Presently before the Court is the U.S. Department of Homeland Security ("DHS") and Jerry S. Ammons's (collectively, the "Defendants") motion to dismiss, [ECF No. 17], Sandy Johnson's ("Plaintiff") Complaint, [ECF No. 1 ("Complaint")], under Rule 12(b)(1). For the reasons set forth herein, the motion, [ECF No. 17], is **GRANTED**.

I.    **BACKGROUND**

On November 23, 2021, Plaintiff, a Massachusetts resident and citizen of St. Lucia, filed a Form I-485, Application to Register Permanent Residence or Adjust Status with U.S. Citizenship and Immigration Services ("USCIS") under Section 245 of the Immigration and Nationality Act ("INA"), colloquially known as a green card application. [ECF No. 1-4 at 1]. Plaintiff's application was based on being the principal beneficiary of a family-based immigration petition. [Id.]. On March 26, 2025, USCIS denied Plaintiff's application because

her medical examiner determined that she was a drug abuser or addict, which is a health-related ground for inadmissibility under INA Section 212(a)(1).  [Id. at 1–2].  Plaintiff received a Notice to Appear dated May 6, 2025, which commenced her removal proceedings, and was ordered to appear before an immigration judge on July 24, 2025.  [ECF No. 21-1 at 2].

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) "is appropriate only when the facts adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction."  Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).  Where subject-matter jurisdiction is challenged, the plaintiff bears the burden of proving jurisdiction. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007).

Because Plaintiff is proceeding pro se, the Court must generously construe the arguments in her Complaint and briefing.  Bahiakina v. U.S. Postal Serv., 102 F. Supp. 3d 369, 371 (D. Mass. 2015) ("[A] document filed pro se is to be liberally construed . . . ." (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))).  However, a pro se litigant still must comply with procedural and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

## III.   DISCUSSION

As a threshold matter, the Court notes that it has previously dismissed all but Plaintiff's Administrative Procedure Act ("APA") claim.  [ECF No. 5].  The Court, therefore, need not address any other claims initially asserted in the Complaint.

Defendants argue that this Court lacks jurisdiction over the remaining claim for two reasons.  First, they assert that 8 U.S.C. § 1252(a)(2)(B)(i) strips the Court of subject matter jurisdiction to review the Form I-485 adjustment application denial.  [ECF No. 18 at 5–10].  Second, Defendants contend that USCIS's decision does not constitute a "final agency action,"

and, as such, is not subject to judicial review under the APA. [Id. at 10–12]. Plaintiff responds that this Court has jurisdiction under the Federal Tort Claims Act and the Violence Against Women Act, which she alleges Defendants violated. [ECF No. 21].

Although the Court is sympathetic to what Plaintiff perceives as an unfair and unjust decision, it cannot find that the remaining claim in the Complaint survives Defendants' motion to dismiss. The APA, as a general matter, offers legal recourse to a "person suffering legal wrong because of agency action, or [who is] adversely affected or aggrieved by agency action within the meaning of [the] relevant statute." 5 U.S.C. § 702. Legal redress under the APA, however, is unavailable when a "statute[] preclude[s] judicial review." Id. § 701(a)(1). Here, the relevant jurisdiction stripping provision, 8 U.S.C. § 1252(a)(2)(B)(i), provides that "regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i) (emphases added).[1] Section 1255(a), the provision governing the adjustment of status seemingly at issue here, see [ECF No. 18 at 6]; [ECF No. 21 at 3], in turn, states that the "status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a).

In Patel v. Garland, the Supreme Court assessed whether § 1252(a)(2)(B)(i) precluded judicial review of factual determinations underpinning the denial of an adjustment of status

---

[1] But see § 1252(a)(2)(B),(D) (preserving judicial review of legal and constitutional questions arising in the course of removal proceedings).

application during a plaintiff's removal proceedings.[2] 596 U.S. 328, 331, 334–36 (2022). The Court determined that it did, focusing its analysis on the meaning of "any judgment" in § 1252(a)(2)(B)(i). Id. at 338; see also § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." (emphasis added)). Specifically, the Court explained that "any" has an "expansive meaning" and "regarding" has a "broadening effect," meaning that "judgment" not only includes the final, last in time grant of relief but also any judgment "relating to the granting of relief." Patel, 596 U.S. at 338–39 (first quoting Babb v. Wilkie, 589 U.S. 399, 405 n.2 (2020), and then quoting Lamar, Archer & Cofrin, LLP v. Appling, 484 U.S. 709, 717 (2018)). Thus, the Court concluded, § 1252(a)(2)(B)(i) "prohibits review of any judgment regarding the granting of relief under § 1255 and the other enumerated provisions." Id. at 338.

Patel expressly limited its holding to removal proceedings and declined to address the question before this Court; namely, whether § 1252(a)(2)(B)(i)'s plain language bars judicial review of USCIS's denial of § 1255 adjustment of status applications. 596 U.S. at 345 ("The reviewability of [USCIS] decisions is not before us, and we do not decide it."). Although the First Circuit has yet to provide guidance on this precise issue, other Circuits and sessions in this Court have found that § 1252(a)(2)(B)(i)'s plain language bars judicial review of USCIS denials pursuant to § 1255(a). See, e.g., Moncada v. Mayorkas, No. 20-cv-11561, 2023 WL 6174422, at *11 (D. Mass. Aug. 11, 2023) ("Under 8 U.S.C. § 1252(a)(2)(B)(i), the court lacks jurisdiction to review USCIS's denial of plaintiff's § 1255 application for adjustment of status."), appeal

---

[2] During removal proceedings, an immigration judge may adjust the status of certain noncitizens to lawful permanent residents. Djong v. Mayorkas, No. 24-cv-00475, 2024 WL 5089985, at *3 (D. Colo. Dec. 12, 2024).

dismissed, No. 23-1751, 2024 WL 1097998 (1st Cir. Feb. 6, 2024); Rabinovych v. Mayorkas, 624 F. Supp. 3d 19, 26–27 (D. Mass. 2022) (Section 1252(a)(2)(B)(i) precludes district court review of discretionary USCIS determinations under § 1255(a)); Nakka v. U.S. Citizenship & Immigr. Servs., 111 F.4th 995, 1014–15 (9th Cir. 2024) (judicial review of discretionary relief granted under § 1255 unavailable); Abuzeid v. Mayorkas, 62 F.4th 578, 585 (D.C. Cir. 2023) ("[Section] 1252(a)(2)(B)(i) leaves no path for judicial review of denials of adjustment of status by USCIS."); Britkovyy v. Mayorkas, 60 F.4th 1024, 1032 (7th Cir. 2023) ("While Patel does not resolve the question presented in this appeal, its reasoning supports the conclusion that judicial review is unavailable . . . . The plain text of 8 U.S.C. § 1252(a)(2)(B)(i) strips us of jurisdiction to review USCIS's denial of an adjustment-of-status application."); Ayanbadejo v. Chertoff, 517 F.3d 273, 277 (5th Cir. 2008) ("The law makes clear that we and the district court lack jurisdiction over determinations made with respect to an I–485 application for permanent resident status under § 1255.") (predating Patel). The Court, given § 1252(a)(2)(B)(i)'s plain text, finds no reason to depart from these courts' reasoning and concludes that it lacks jurisdiction to review Plaintiff's APA claim. Accordingly, the Court need not go further, and Defendants' motion, [ECF No. 17], is **GRANTED**.

        **SO ORDERED.**

October 15, 2025                                   */s/ Allison D. Burroughs*
                                                      ALLISON D. BURROUGHS
                                                      U.S. DISTRICT JUDGE